UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PATRICIA TAYLOR,

                Plaintiff,

-against-                                                  NOT FOR PUBLICATION
                                                                ORDER
MICHAEL J. ASTRUE,                             09-CV-3748 (CBA)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------------------x
AMON, United States District Judge:

       Plaintiff Patricia Taylor has petitioned for review of the Commissioner's denial of disability benefits. Plaintiff moves for a remand solely for a calculation of benefits. Defendant concedes that a remand is required, but moves for a remand for further administrative proceedings. For the reasons stated below, the Court grants defendant's motion and remands the case for further administrative proceedings.

       **I.**      **Regulatory Standard**

       The Commissioner follows a five-step process in determining whether a disability exists. 20 C.F.R. § 404.1520. First, the Commissioner determines whether the claimant is engaging in substantial gainful activity; if so, the claimant will be found to be not disabled. 20 C.F.R. § 404.1520(a)(4)(i). He then considers whether claimant has a "severe medically determinable physical or mental impairment" lasting or expected to last at least 12 months or expected to result in death; if not, the claimant will be found to be not disabled. § 404.1520(a)(4)(ii); § 404.1509. Next, the Commissioner ascertains whether the claimant's impairment is on list of impairments; if so, the claimant is found to be disabled. § 404.1520(a)(4)(iii). If the impairment is not on the list, he then evaluates the claimant's "residual functional capacity" to see whether the claimant can do his "past relevant work." § 404.1520(a)(4)(iv). If not, the Commissioner

1

finally considers whether the claimant can transition to other work, taking into account his age, education and work experience. § 404.1520(a) (4)(v). If the claimant can do either his past relevant work or transition to other work, he will be found to be not disabled; if he cannot, he will be found to be disabled.

## II.     Procedural History

Plaintiff filed an application for disability insurance benefits on October 4, 2002 (Tr. 72-74), alleging that she had been disabled since November 1, 2000 (Tr. 72) due to knee, shoulder, and lower back disorders. (Tr. 97.) The claim was denied on February 11, 2003 (tr. 54, 55-58, 331-36.) Plaintiff filed a request for a hearing (Tr. 34-35), which was held on August 20, 2004, before Administrative Law Judge ("ALJ") Dean W. Determan (Tr. 44). On August 31, 2004, the ALJ found that plaintiff was not disabled. (Tr. 41-52.) The Appeals Council granted plaintiff's request for review of the decision, and remanded the claim to an ALJ for further proceedings on February 23, 2007. (Tr. 36-38.) Pursuant to the Appeal Council's remand order, a hearing was held on April 21, 2008 before ALJ Manuel Cofresi. (Tr. 595-626.)

On May 12, 2008, ALJ Cofresi found that plaintiff was not disabled. (Tr. 12-27.) The ALJ found that plaintiff last met the insured status requirements of the Social Security Act on December 31, 2006, and that plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of November 1, 2000 through her date last insured. The ALJ found that through the date last insured, plaintiff had medically determinable severe impairments, specifically noting her chronic cervical and lumbosacral strain, osteoarthritis of bilateral knees, and status post left shoulder arthroscopy. At step three of the five-step process for determining disability, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20

C.F.R Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526). The ALJ assigned plaintiff a residual functional capacity ("RFC") that "ranged from the full range of sedentary to the full range of medium work as defined in 20 C.F.R. 404.1567(c)." The ALJ next concluded at step four that claimant's past relevant work as a data entry clerk and as a correction officer did not require the performance of work-related activities precluded by plaintiff's RFC. The ALJ found that according to the Dictionary of Occupational Titles, the job of data entry clerk is classified as exertionally sedentary and as semi-skilled, and the job of corrections officer is classified as exertionally medium and as semi-skilled. The ALJ accordingly found that plaintiff was not under a disability as defined in the Social Security Act. The ALJ never heard from a vocational expert or made any determination at step five. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review on July 14, 2009. (Tr. 6-9.) This action followed.

### III.    Discussion

Both parties concede that the ALJ's opinion contains errors requiring a remand. For example, the ALJ determined that plaintiff had an RFC that ranged "from the full range of sedentary to the full range of medium work" and that she could "sit, stand and/or walk for up to 6 hours in an 8 hour day." That opinion is vague and provides no guidance in assessing plaintiff's ability to perform her past relevant work.

The only issue before the Court, then, is whether this case should be remanded for additional administrative proceedings, or whether it should be remanded solely for the calculation of benefits. Remand for calculation of benefits is appropriate where the correct application of the legal standards could lead only to the conclusion that Plaintiff is entitled to benefits. See Schaal v. Apfel, 134 F.3d 496, 504 (2d Cir. 1998) ("Where application of the

correct legal standard could lead to only one conclusion, we need not remand."). Thus, remand for a calculation of benefits is appropriate where the records provide persuasive evidence of total disability, rendering any further proceedings "pointless." Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (citing Rivera v. Sullivan, 923 F.2d 964, 970 (2d Cir. 1991) ("[T]he record fails to reveal any evidence which could support a finding that Rivera was capable of performing substantial gainful work which was available in the national economy."); Vargas v. Sullivan, 898 F.2d 293, 296 (2d Cir. 2000) (award of benefits appropriate when there was "infinitesimal likelihood" of employment); Arroyo v. Callahan, 973 F. Supp. 397, 400 (S.D.N.Y. 1997) ("[T]he record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose." (quotations omitted))).

However, "[u]pon a finding that an administrative record is incomplete or that an ALJ has applied an improper legal standard, we generally vacate and . . . remand the matter to the Commissioner for further consideration." Curry v. Apfel, 209 F.3d 117, 124 (2d Cir. 2000); see also Parker v. Harris, 626 F.2d 225, 235 (2d Cir. 1980) ("When there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Secretary for further development of the evidence . . . . On the other hand, we have reversed and ordered that benefits be paid when the record provides persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose."). Typically, where a case has not proceeded to step five of the five-step sequential process, a district court will remand for further administrative proceedings to complete the analysis at that step and the development of the factual record regarding a claimant's capacity to perform substantial gainful activity other than her past relevant work. See Williams, 204 F.3d at 50.

Here, a remand for further administrative proceedings is appropriate. Although concededly this proceeding has been pending since petitioner filed for disability in October 2002, "absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996). The Court cannot conclude from the record that there is no view of the evidence that would lead to a finding that claimant was not disabled. Plaintiff cites Kearney v. Astrue, No. 08-CV-572 (JG), 2008 WL 2705525 (E.D.N.Y. July 11, 2008) to argue that where an ALJ ignores specific directives included in an order of remand from the appeals counsel, remand for a calculation of benefits is proper. In Kearney, however, the case had proceeded to step five of the sequential analysis. As in Butts v. Barnhart, 416 F.3d 101, 103 (2d Cir. 2005), the claimant had met his burden, and the burden had shifted to the Commissioner. Here, the ALJ found that plaintiff was capable of performing her past relevant work experience as a corrections officer, and the commissioner has never analyzed the plaintiff's disability at step five.

Moreover, remand is appropriate to allow the ALJ to complete the administrative record and to apply correct legal standards. Curry, 209 F.3d at 124. For example, plaintiff argues that the ALJ could not rely on the opinion of Dr. Seo that plaintiff was only "slightly limited" from sitting, standing, bending, lifting, and carrying heavy objects because that opinion is unduly vague. The ALJ would have the opportunity to clarify Dr. Seo's opinion. Likewise, upon remand, the ALJ could analyze plaintiff's disability in light of a proper RFC finding. The ALJ found that petitioner was capable of exertion ranging "from the full range of sedentary to the full range of medium work." That formulation would not allow the ALJ to conduct a proper analysis of plaintiff's disability or provide the Court with the opportunity to conduct a meaningful review.

Finally, plaintiff argues that remand is appropriate because at step five, the Commissioner would be compelled to find plaintiff disabled through the application of Medical-Vocational Guidelines Rule 201.14. However, as defendant persuasively argues, petitioner would not be considered disabled if she has transferable skills, pursuant to Rule 201.15. Plaintiff argues that defendant has not come forward with proof that plaintiff's skills are transferable. However, determining whether plaintiff's skills are transferable is precisely the kind of analysis conducted at step five of the five step sequential analysis. Accordingly, remand is appropriate for further administrative proceedings.

**IV. Conclusion**

For the reasons stated, pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision is reversed, and plaintiff's claim is remanded for further administrative proceedings. Plaintiff has requested that the Court direct the Commissioner to conduct a hearing and issue a decision within one hundred and twenty days of this order. In light of the past delays in this case, the Court finds it appropriate to impose a time limit on the subsequent proceedings. See Butts v. Barnhart, 388 F.3d 377, 387 (2d Cir. 2004).[1] Accordingly, the Court orders that all further proceedings be completed, and a decision issued, within one hundred and twenty days of this order.

The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
January 3, 2012

/s/
Carol Bagley Amon
Chief United States District Judge

---

[1] The Court notes that it took the Appeals Council over two years to review the ALJ's initial decision in this case, and another fifteen months for the ALJ to conduct a remand hearing and issue a decision. Plaintiff's claim for benefits has now been pending over nine years, since October 2002.